UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. HOLOWITZ, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0608 CKD P<br><br><br><br>ORDER |

I. <u>Introduction</u>

　　Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1 | exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

III. Complaint

Plaintiff alleges that defendant Dr. Holowitz at Mule Creek State Prison provided inadequate medical care for plaintiff's chronic illness. (ECF No. 1 at 3.) After plaintiff was assaulted in June 2014, his head concussion worsened. (Id.) Plaintiff's medical conditions include heart disease, head trauma, and aphasia. (Id. at 6.) In July 2014, he suffered a seizure. (Id.) Plaintiff asserts that Holowitz was deliberately indifferent to his medical needs. (Id.)

Plaintiff also names as defendants four correctional officers: Custino, Angle, Snow, and Charon. (Id. at 2.) Plaintiff makes no specific allegations as to these defendants, and court records indicate he is suing all four in an earlier-filed action, Sekuna v. Custino, et al., No. 2:16-cv-517 CMK, that concerns the alleged June 2014 assault. Plaintiff may not bring duplicative suits against the same defendants on the same claims.

As to Holowitz, the court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of

1  pain.'" Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

2  existence of an injury that a reasonable doctor or patient would find important and worthy of

3  comment or treatment; the presence of a medical condition that significantly affects an

4  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

5  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

6       Second, the plaintiff must show the defendant's response to the need was deliberately

7  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

8  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

9  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

10 which the inference could be drawn that a substantial risk of serious harm exists," but that person

11 "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

12 approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

13 showing of merely negligent medical care is not enough to establish a constitutional violation.

14 Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

15      A difference of opinion about the proper course of treatment is not deliberate indifference,

16 nor does a dispute between a prisoner and prison officials over the necessity for or extent of

17 medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d

18 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

19      As it fails to state a claim under this standard, plaintiff's complaint must be dismissed.

20 The court will, however, grant leave to file an amended complaint.

21 IV.  Leave to Amend

22      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

23 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

24 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in

25 specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

26 § 1983 unless there is some affirmative link or connection between a defendant's actions and the

27 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

28 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.  Plaintiff's Motions

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Plaintiff has also requested the assistance of a Tongan language interpreter, as plaintiff's primary language is not English. Plaintiff is able to file pleadings in English, however, and the court will deny plaintiff's request at this early stage of the litigation. Plaintiff may renew his request at a later stage of the litigation if circumstances so warrant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

////

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's request for an interpreter (ECF No. 3) is denied without prejudice to renewal at a later stage of the litigation.

6. Plaintiff's request for appointment of counsel (ECF No. 4) is denied.

Dated:  April 11, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /seko0608.14.new